(13 Misc. Rep. 337.)

POPKIN et al. v. WILLIAM BARR DRY GOODS CO.

(City Court of New York, General Term. June 25, 1895.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

    A verdict rendered on conflicting evidence will not be disturbed on appeal.

Appeal from trial term.

Action by Abraham Popkin and another against the William Barr Dry Goods Company. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

Argued before VAN WYCK, CONLAN, and NEWBURGER, JJ.

M. Warley Platzek, for appellants.

Douglas & Minton, for respondent.

CONLAN, J. Appeal from a judgment entered on the verdict of a jury, and from an order entered denying a motion for a new trial. This action was brought to recover the price of 53 garments

claimed to have been manufactured by the plaintiffs for defendant, pursuant to an order for that purpose made at St. Louis, June 8, 1892. The defendant denies the authority of its agent to make the order, and alleges that if such order was given the same was revoked and annulled by the parties. The evidence shows that one Matthew H. Brandon was in the employ of the plaintiffs in June, 1892, as traveling salesman, they being engaged in the coat and cloak manufacturing business in the city of New York. That on the 8th day of June, 1892, Brandon called at the store of the defendant, in St. Louis, and met one Sullivan, who was the buyer for the cloak department of the defendant; that he exhibited his samples to Sullivan both at the defendant's place of business and at his hotel; the result of which was two orders given by Sullivan, aggregating 53 cloaks, at agreed prices, to be manufactured by the plaintiffs, and to be delivered about November 1st, then next. The testimony of the witness Sullivan does not materially alter the testimony of Brandon, except that he does not remember two orders, but will not say that he did not order the amount claimed. No question arises as to the quantity or quality of the goods, or as to the time and manner of delivery. The defendant, on the other hand, shows that Sullivan was a department manager for the defendant, and not a buyer in the full sense of the term, that he could select goods that were or might be required, but that the order containing the selection made by him had to be approved by the superintendent of stock before the defendant would book the order. A. M. Franklin, called for the defendant, testifies, at folio 145: "It is the custom of the trade, as I know for one, being in the business forty years, when any house has a number of buyers situated at different points, to ratify their orders before they become orders." Again, at folio 146, the question is asked by the court: "State if there is such a custom in the trade." Answer: "Yes; all large houses that have a number of people selecting goods must have the selections approved by somebody." The witness also testified that, hanging in the sample rooms where agents exhibited their goods, was a large sign containing the following words: "Notice. To travelling men and agents: All orders given you by our buyers must be signed by the superintendent of stock before you can book the order. [Signed] Wm. Barr Dry Goods Co." This sign was admitted in evidence, against the plaintiffs' objection. It is not claimed that Brandon actually saw the sign in the defendant's store, while, on the other hand, Brandon testified positively that he did not. It therefore became a circumstance for the jury in connection with the testimony of Franklin as to the usages of trade.

It also appears that the orders taken by Brandon were not approved by the superintendent of stock. If the defendant relied solely on usage, and implied notice, evidence would be required, but that is only one part of the defense. The answer alleges and proof was offered tending to show revocation by the defendant, and apparent acquiescence by the plaintiffs, of the order in question. The witness Franklin testifies, at folio 132, that on June 8th Sullivan handed him a memorandum, which he sent to one Morrell, defend-

ant's New York representative. Morrell testified that he received the memorandum from Franklin about June 15th, that he called on the plaintiffs, and told them that Sullivan was no longer in defendant's employ, and that the order he had given could not be confirmed, that one of the plaintiffs said, "That will be all right." It also appears by the testimony of one Schiller, who was also in the employ of the defendant, that he called on plaintiffs about the middle of July, on the subject of the Sullivan order, when he was told "it was all right." Again, in August, he called and explained that the order had been canceled, when defendants said, "All right; we know all about it." The testimony of the defendant's witnesses as to consent of cancellation of the order was flatly contradicted by the plaintiffs' witnesses, thereby making a sharp conflict of evidence on a material part of the case for the consideration of the jury, and as the case was mainly of fact, and fairly submitted, we think the verdict should stand.

Judgment affirmed, with costs. All concur.